[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13521
Non-Argument Calendar

_____

D. C. Docket No. 07-00051-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MOLANO-VALENCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 14, 2008)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Carlos Molano-Valencia appeals his 135-month concurrent sentences for (1) one count of conspiracy to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), 21 U.S.C. § 960(b)(1)(B)(ii); and (2) one count of possession with intent to distribute 5 grams or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), 18 U.S.C. § 2. Molano-Valencia argues that he should have received a mitigating-role reduction to his base offense level because he was merely a crew member on the go-fast boat and did not have any involvement in the larger conspiracy. For the reasons set forth more fully below, we affirm.

On February 4, 2007, the Coast Guard apprehended a speed boat, commonly referred to as a "go-fast" boat, that did not display any indication of nationality, in international waters approximately 380 nautical miles southwest of Punta Negra, Peru. Coast Guard officers boarded the go-fast boat and took the crew, identified as Ilron Benitez-Aprilla, Amin Hernandez-Perea, Molano-Valencia, Mario Julian Caisano-Guapi, and Jose Luis Huila-Cortes; and 41 bales of cocaine, weighing a total of 995 kilograms, into custody. From the post-<u>Miranda</u>[1] statements of several

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

crew members, the Coast Guard determined that an individual named "Neron" met and hired the crew members in Buenaventura, Colombia, and that Hernandez-Perea was the go-fast boat's captain. Molano-Valencia was identified as the engine mechanic.

We review a district court's denial of a mitigating-role reduction for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We cannot find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (quotation marks omitted).

Section 3B1.2 of the United States Sentencing Guidelines provides for a four-level reduction in a defendant's base offense level if the court determines that he was a minimal participant in the offense. U.S.S.G. § 3B1.2(a). A minimal participant means a participant who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2(a), comment. (n.4); see also De Varon, 175 F.3d at 939. According to the guideline commentary, "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant" and "[i]t is intended that the downward adjustment for a minimal participant will be used infrequently." U.S.S.G. § 3B1.2, comment. (n.4). Section

3

3B1.2 also provides for a two-level reduction in a defendant's base offense level if the court determines that he was a minor participant in the offense. U.S.S.G. § 3B1.2(b). A minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5); see also De Varon, 175 F.3d at 944. The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a mitigating-role adjustment. De Varon, 175 F.3d at 939.

In determining whether a defendant played a mitigating role in the offense for which he has been held accountable, the district court first "must measure the defendant's role against the relevant conduct attributed to [him] in calculating [his] base offense level." De Varon, 175 F.3d at 944. Second, the district court "may also measure the defendant's role against the other participants . . . in that relevant conduct." Id. at 945. "[T]he district court may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. at 944.

With respect to the first prong of the De Varon test, Molano-Valencia failed to show that he played a mitigating-role in the relevant conduct for which he was held accountable at sentencing. Molano-Valencia's base level offense was founded on the transport of 995 kilograms of cocaine. Molano-Valencia made no

objection to the 995 kilograms of cocaine that he possessed on the vessel nor to his participation in the cocaine's transport. Therefore, the relevant conduct for which he was held accountable was identical to his actual conduct in the offense, and his claim fails under the first prong of De Varon. Id. at 941.

Indeed, the large amount of cocaine is dispositive. See id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct."). As we stated in De Varon, "because the amount of drugs in a courier's possession–whether very large or very small–may be the best indication of the magnitude of the courier's participation in the criminal enterprise, we do not foreclose the possibility that [the] amount of drugs may be dispositive–in and of itself–in the extreme case." Here, Molano-Valencia transported a ton of cocaine.

With respect to the second prong of the De Varon test, the evidence is insufficient to show that Molano-Valencia was either a minimal or minor participant in comparison to other defendants, aside from the boat's captain. Molano-Valencia failed to produce any evidence to distinguish himself from his codefendants in the relevant conduct. Moreover, as the district court noted, he was the engine mechanic, a necessity for the continued functioning of the boat and furtherance of the conspiracy. Furthermore, the record does not contain any

5

additional information that would differentiate Molano-Valencia from the other crew members of the go-fast boat. Molano-Valencia failed to prove by a preponderance of the evidence that he was entitled to a mitigating-role reduction. For all these reasons, the district court did not clearly err by denying Molano-Valencia a mitigating-role reduction.

In light of the foregoing, Molano-Valencia's sentence is

**AFFIRMED.**